# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MARILYN MCCOY NORWOOD**                                                                 **PLAINTIFF**

**v.**                                     **4:22-CV-00262-BSM**

**FEDERAL BUREAU OF INVESTIGATION,** *et al.*                                  **DEFENDANTS**

## ORDER

Marilyn Norwood's motion to proceed *in forma pauperis* [Doc. No. 1] is granted. Her complaint [Doc. No. 2] is dismissed *sua sponte* for lack of jurisdiction and failure to state a claim.

Norwood is suing the FBI, the United States Secret Service, the Little Rock Police Department, the North Little Rock Fire Department, and Does with the Pulaski County Sheriff's Department. Norwood's complaint alleges: "[m]y pastor is white American and the police enforcement is harassing me." Doc. 2 at 4. She seeks $21 million for racial discrimination, false arrest, and duress.

Norwood's complaint is dismissed because there is no subject-matter jurisdiction. Fed. R. Civ. P.. 12(h)(3). Diversity jurisdiction exists if the dispute is between "citizens of different states" and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Although Norwood pleads an appropriate amount in controversy, complete diversity does not exist because three of the named defendants are Arkansas entities. Federal question jurisdiction exists if the case arises "under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Outside of loosely stating legal theories like discrimination

and false arrest, Norwood does not to point to a federal question. Even when liberally construed under 42 U.S.C. § 1983, Norwood's complaint does not state a single evidentiary fact supporting her allegations of discrimination, harassment, or false arrest. *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992); 28 U.S.C. § 1915(e)(2)(B). And, Norwood makes no factual assertions about any of the named parties. Accordingly, the complaint fails to allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

IT IS SO ORDERED this 1st day of April, 2022.

_____
UNITED STATES DISTRICT JUDGE